THOMAS H. YOUNG, APPELLANT, *v.* J. C. JULIUS LANG-
BEIN, AS ADMINISTRATOR, ETC., OF THE ESTATE OF ADAM
MULLER, DECEASED, AND OTHERS, RESPONDENTS.

*Will — construction of — trust — curtesy — tenant by.*

A testator having directed that the income of one-half of his estate should be paid to his widow during her life, and that upon her death the said half should be divided equally among his children, absolutely, in fee forever, and that the income of the other half should be divided equally among his children until the youngest child should be of age, and then that such half should be divided among his children, absolutely, in fee forever. *Held*, that the children took the fee

on the death of the testator, subject to the restrictions contained in the will, and upon the death of a married daughter having had issue, her husband would be entitled to his curtesy.

THIS is an appeal from a judgment entered on the 24th day of February, 1875, upon a decision rendered after the trial of the action at Special Term of this court by Justice VAN BRUNT, dismissing the plaintiff's complaint, in an action brought to establish the right of the plaintiff, as tenant by the curtesy, in certain real estate alleged to have belonged to his wife.

*L. H. Rowan,* for the appellant. By the terms of the will of Adam Muller, his children became vested of his real estate. (*Everitt* v. *Everitt,* 29 N. Y., 39; *Post* v: *Hover,* 30 Barb., 312; *Gilman* v. *Reddington,* 24 N. Y., 9; *Tucker* v. *Bishop,* 16 id., 405; *Manice* v. *Manice,* 43 id., 303; *Savage* v. *Burnham,* 17 id., 561.) A devise of the interest, or the rents and profits, is a devise of the thing itself. (*Patterson* v. *Ellis,* 11 Wend., 298; *Jackson* v. *Johnston,* 5 Cow., 93, 95, 102; *Manice* v. *Manice,* 43 N. Y., 388; *Gilbert* v. *Chapin,* 19 Conn., 342.) In this case the children became vested of a fee under the Revised Statutes of this State. (1 R. S. [Edm. ed.], 699; *Nicoll* v. *N. Y. and Erie R. R.,* 12 N. Y., 128; *Hatfield* v. *Sneden,* 54 id., 284, and cases cited.) The will does not express a devise in trust, but if it were construed to intend such trust, the children of the deceased would become, by implication of law, trustees. (*Fisher* v. *Fields,* 10 Johns., 495; Story's Eq. Jur., § 964; *Gomez* v. *Tradesman Bk.,* 5 Sandf., 162.) The clause regarding the sale of some of the real estate does not make the executors trustees. (*Dunscomb* v. *Exr. of Same,* 1 Johns. Ch., 806; *Vernon* v. *Vernon,* 53 N. Y., 351; *Tucker* v. *Tucker,* 5 id., 408; *Bloomer* v. *Waldron,* 3 Hill, 365; Ger. on Real Estate [2d ed.], 332.) The receipt of the rents by the plaintiff's wife created a sufficient seizin of the estate by her to entitle her husband to curtesy. (*Payne* v. *Payne,* 11 B. Mon., 138; *Powell* v. *Gossom,* 18 J. C., 179; *Pitt* v. *Jackson,* 2 Bro. C. C., 51.) And an equitable estate or a beneficial interest as *cestui que trust* by her would have been sufficient for that purpose. (*Ellsworth* v. *Cook,* 8 Paige, 643; 4 Kent's Com., 31, and cases there cited.)

*George F. Langbein*, for the respondents. The deceased wife of the plaintiff at no time became seized or possessed of the lands of her father, sufficiently, in law, to create a tenancy by the curtesy. The will created a contingent "future estate" under the Revised Statutes of the State of New York. (*Gilman* v. *Reddington*, 24 N. Y., 15; *Carmichael* v. *Carmichael*, 4 Keyes' Rep., 355, 356, and cases cited; Kent's Com. [last ed., vol. 4], 31; *Jackson* v. *Johnson*, 5 Cow., 98; *Jackson* v. *Hendricks*, 3 Johns., 214.) Actual seizin of the wife, during coverture, is necessary to a tenancy by the curtesy. (*Ferguson* v. *Tweedy*, 43 N. Y., 543; affg. S. C., 35 Barb., 158; *Pond* v. *Bergh*, 10 Paige, 140, 154; 5 Cow., 74, 97; 8 Paige, 643; *Adair* v. *Lott*, 3 Hill, 182; Tyler on Infancy and Coverture, 399; *Pond* v. *Bergh*, 10 Paige Ch., 149; *Orr* v. *Holliday*, 9 B. Mon., 59.) Estates not of inheritance are not liable to curtesy (9 Modern, 147; 2 Atkyns' Rep., 57; 1 Inst., 29); nor estates in jointure, nor remainders or reversions. (Sec. 1, Inst. 29, *a* 2, and 75; 2 Saund., 46, *n. g. ; vide* 2 Bl. Com., 127; *Watts* v. *Ball*, 1 P. Wms., 108; *Casborne* v. *Scarfe*, 1 Atk., 603; *De Gray* v. *Richardson*, 3 id., 470; *Goodtitle* v. *Newman*, 3 Wils., 521; *Stoughton* v. *Leigh*, 1 Taunt., 410; Tyler on Infancy and Coverture, 399; id., 415; 4 Kent's Com., 29; *Jackson* v. *Swartwout*, 5 Cow., 74; *Jackson* v. *Johnson*, id., 98, and cases cited; *Bates* v. *Schraeder*, 13 Johns., 260; *Jackson* v. *Lawrence*, 16 id., 96; Coke on Littl., 29 *a ;* 3 Atk., 469; Coke on Littl., 32 *a ;* Cruise Dig. C., 2, § 12, 16; Ferne on Remainders [5th ed.], 35, 36; Park on Dower, 61, 73; 23 Pick., 80; 7 Mass., 253; 5 N. H., 469; 8 id., 240; *Matter of Creiger*, 1 Barb. Ch., 598; *Greene* v. *Putnam*, 1 Barb., 505; *Beardsley* v. *Beardsley*, 5 id., 324; *Dunham* v. *Osborn*, 1 Paige, 634; *Reynolds* v. *Reynolds*, 5 id., 161; *Tayloe* v. *Gould*, 10 Barb., 388.) The fee in the real estate was in the executors in trust by implication of law. (*Leggett* v. *Perkins*, 2 Comst. [2 N. Y.], 305; *Brewster* v. *Striker*, 2 N. Y., 19, 31, 32; *Leggett* v. *Perkins*, id., 297; *Vail* v. *Vail*, 7 Barb., 227; *Fisher* v. *Fields*, 10 Johns., 495; 2 Jarman on Wills, 147, etc.)

BRADY, J.:

The action was brought by the plaintiff, the husband of Bertha Young, deceased, one of the daughters of Adam Muller, deceased,

to establish and recover his alleged right as tenant by the curtesy in the alleged estate of his deceased wife, left her, as is claimed, by the will of her father. The testator made his last will and testament, dated January 26, 1870, and died February 6, 1873, leaving his widow, Matilda, and four children: Mary, wife of Charles Struppman, then aged about twenty-three years; Bertha, then aged about eighteen years; Augusta, then aged about thirteen years, and Louis, then aged about eight years, him surviving.

Mary Struppman, at the time of the making of the will by her father, was the mother of several children, the eldest of whom was seven or eight years of age. On the 31st day of July, 1873, Bertha Muller married the plaintiff, Thomas H. Young. On the 4th day of February, 1874, just six months and four days thereafter, it is alleged a child was born alive to the plaintiff by the said Bertha.

On the 7th day of February, 1874, the said Bertha Young departed this life, intestate, being then about nineteen years of age. At the time of her death, Augusta and Louis Muller were infants of the respective ages of about fifteen and ten years. On the 19th day of October, 1874, Matilda Muller, the widow of the deceased and mother of the children, departed this life intestate.

On the 22d day of June, 1875, pending this appeal, Mary Struppman departed this life intestate.

The principal issues on the trial in the court below, were as to whether the child of the plaintiff was born alive or dead, and if it was born alive, whether the plaintiff's wife acquired any vested estate under the will of her father, which entitled the plaintiff, her husband, to an estate for life as tenant by the curtesy.

The court below held that the plaintiff's wife, under the will of her father, never was seized or possessed, in fact or in law, of any estate which entitled the plaintiff to the right as tenant by the curtesy, and, therefore, that it was unnecessary to find the facts from the conflict of testimony whether the child was born alive or dead.

The will is as follows:

In the name of God, amen. I, Adam Muller, of the city of New York, cabinet-maker, being of sound mind and memory, and considering the uncertainty of this life, do therefore make, ordain,

publish and declare this to be my last will and testament, that is to say:

First. After all my lawful debts are paid and discharged, I give and bequeath unto my wife Matilda, in lieu of her dower, the one-half of all the rents and interest and profits of my estate, real and personal, after payment of the taxes, assessments, insurance, Croton rents and repairs necessary to be made, to have and to hold the same to her during her natural life, she to support and maintain my infant children thereout. I give and bequeath the other half of such rents, interest, profits of my estate, real and personal, after payment of such taxes and other expenses aforesaid, to my children, equally to be divided among them, until the youngest child shall attain the age of twenty-one years, when said estate is to be divided equally among my said children, absolutely in fee forever. Provided, however, that if, at such time, my said wife shall still be living, then my estate shall be divided into two parts, one part thereof shall be set apart, and the income thereof, subject as aforesaid, shall be paid to my wife during her life, and upon her death such one-half shall be divided equally among my children, absolutely in fee forever.

The other half shall, when my youngest child shall be of age, be divided among my children, absolutely in fee forever, and who I hereby constitute my residuary devisees, any posthumous child to share equally with my children born during my life. I authorize my executors, or the survivor of them, to grant, bargain, sell, or convey by deed, with or without covenant, the lots of land on Eighty-seventh street, between Third and Fourth avenues, and to invest the proceeds on bond and mortgage. Likewise, I make, constitute and appoint my wife Matilda, and Jacob A. Geissenhaimer, counselor at law, to be executors of this my last will and testament, hereby revoking all former wills by me made.

The testator made no disposition of the fee of his estate in terms, or any part of it, until the event of the death of his wife, when one half was to be divided absolutely in fee among his children by his will, or until the youngest child arrived at age, when half of it was to be divided in like manner among them, in case his wife was living when that event occurred; otherwise, they then took the whole estate. There are no limitations over, and none were in the mind

of the testator. He meant to give his children his entire estate, burdened only by the right of his wife to the income of one half and a restriction of the power of alienation. He declared his chil-dren to be his residuary devisees, any posthumous child to share equally with his children born during his life. The residuary estate was what was left after the payment of all his lawful debts, and included the whole of it. The design of the testator, that his children should possess and enjoy the estate, is evidenced by the fact that he created a trust by implication, namely, the payment of the income, but he named no one who was to execute it.

His executors were vested with a power to sell certain specified property and to invest the proceeds, but nothing more. The children, therefore, took the fee subject to the restrictions and burdens created by the will. There can be no doubt of this, even if the will created only a future estate. (1 R. S., 723, § 13; *Gilman* v. *Reddington*, 24 N. Y., 15.) The testator evidently intended to hold the property together, not to prevent the vesting of the fee, but the division of the *corpus* of the estate until the happening of the events named.

Hence the provision that it should then be divided equally between his children. It was the division of the estate that he designed to defer. His children, he said, were his residuary devisees.

There can be no doubt, either, that if any one of the children died leaving issue, her share would descend to such issue.

It must be said further, that with regard to one half of the estate the children were in possession, because they were entitled to the rents, issues and profits, without limit other than the payment of the expenses attending its possession.

Having the fee, the estate of the plaintiff's wife was one, subject to the right of her husband as tenant by the curtesy, according to the recent decision of the court of last resort. There was nothing by which it could be defeated. (*Hatfield* v. *Sneden*, 54 N. Y., 280.) The question whether there was a child born alive was not determined, however, by the court below, and we do not deem it our province to make a finding on that subject. The judgment must, therefore, be reversed and a new trial granted, costs to abide the event.

DANIELS, J.:

I do not think any trust was created in favor of the testator's children. His real estate consequently descended to his children in fee, and the plaintiff, as the husband of one of them, may be tenant by the curtesy, as to his wife's share.

DAVIS, P. J., concurred with BRADY, J.

Judgment reversed, new trial ordered, costs to abide event.